USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/20/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAHMEL GARRAWAY,

                Petitioner,

  -against-

UNITED STATES OF AMERICA,

                Respondent.

21-CV-10643 (NSR)

19-CR-857-4 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

On December 13, 2021, Petitioner Rahmel Garraway filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (the "Petition"), seeking to vacate, set aside or correct his sentence of thirty-six (36) months' imprisonment followed by a term of three (3) years' supervised release. (ECF No. 236.)[1] Specifically, Petitioner claims (1) he did not receive credit for his time spent on home confinement and (2) his attorney failed to argue for the credit on his behalf at sentencing. (*Id.*) On December 15, 2021, the Court ordered the Government to file a responsive pleading within sixty days. (ECF No. 237.) On February 14, 2022, the Government timely filed its response in opposition to the Petition. (ECF No. 245.)

A review of the Bureau of Prison's ("BOP") Inmate Locator indicates that Petitioner was released from custody on May 19, 2023. *See* Inmate Locator Service, BOP Registration No. 87261-054, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/; *see also Vera v. United States*, No. 3:11-CV-00864-VAB, 2017 WL 3081666, at *3, n. 2 (D. Conn. July 19, 2017) (taking judicial notice of the inmate locator search). Petitioner is therefore currently on supervised release. *See* 18 U.S.C. § 3624(e).

---

[1] The ECF citations herein all refer to the docket from Petitioner's criminal case: No. 19-CR-857-NSR.

## LEGAL STANDARD

A motion under 28 U.S.C. § 2255 is an extraordinary remedy. *See Moyhernandez v. United States*, No. 02-CV-8062 (MBM), 2004 WL 3035479 (S.D.N.Y. Dec. 29, 2004). 28 U.S.C. § 2255(a) provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

§ 2255(b) provides, in relevant part:

> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

"A plain reading of the statute contemplates providing a mechanism to detained individuals who seek judicial relief from a wrongfully imposed sentence. It is well settled that § 2255 provides a collateral remedy and not a remedy for an appeal such that it can used to challenge the sufficiency of the evidence." *United States v. Graham*, No. 14-CR-500 (NSR), 2018 WL 798742, at *1 (S.D.N.Y. Feb. 7, 2018) (citing *Dansbay v. United States*, 291 F. Supp. 790 (S.D.N.Y. 1968); *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

## DISCUSSION

Petitioner asks the Court to issue an order to the BOP stating that he shall be credited for the period of pretrial home confinement. The Government argues Petitioner's motion should be denied because (1) Petitioner waived any challenge to the Court's sentence pursuant to the plea agreement; (2) credit towards Petitioner's sentence is properly decided by the BOP and he is not

entitled to credit towards his sentence; and (3) Petitioner's ineffective assistance of counsel claim is meritless.

### I. Credit for Home Confinement

Petitioner challenges the Court's failure to credit the time spent on home confinement and asks the Court to issue an order crediting said time. The Court thus construes Petitioner's motion as a challenge to the calculation of his sentence, rather than the imposition of the sentence itself.[2] *United States v. Kakar*, 746 F. Supp. 369, 370 (S.D.N.Y. 1990) ("A claim for credit against the sentence attacks the computation and execution of the sentence rather than the sentence itself.") (citations omitted).

As the Court correctly observed at sentencing, the BOP determines whether to credit Petitioner's time in home confinement against his sentence. Section 3585(b) governs the date on which a defendant's sentence commences and the credit he is to receive for time spent in custody. 18 U.S.C. § 3585. "The Attorney General, through the BOP, possesses the sole authority to make credit determinations pursuant to 18 U.S.C. § 3585(b); the district courts do not have authority to order the BOP to either grant or deny credit or to disregard the BOP's calculations." *United States v. Whaley*, 148 F.3d 205, 206 (2d Cir. 1998). The Court was not and is not authorized to compute credit at sentencing. *United States v. Luna-Reynoso*, 258 F.3d 111, 117 (2d Cir. 2001) ("Section 3585(b) does not authorize a district court to compute the credit at sentencing.") (citations omitted). Accordingly, the Court properly declined to credit Petitioner's time spent in home confinement during sentencing.

---

[2] Because Petitioner challenges the calculation and execution of his sentence rather than the imposition of his sentence, Petitioner's petition should have been brought pursuant to Section 2241. *United States v. Kakar*, 746 F. Supp. 369, 370 (S.D.N.Y. 1990) ("Claims for pre-sentence credit must be made by a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.") (citations omitted). The Court construes the instant petition as a petition for habeas corpus pursuant to Section 2241.

The Court also may not provide Petitioner the relief he seeks. "Although prisoners may seek judicial review of the BOP's sentencing determinations after exhausting their administrative remedies, the district court is without jurisdiction to compute sentencing credit if a prisoner does not challenge his sentence and has not sought administrative review." *Whaley*, 148 F.3d at 207 (citing *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992)). There is no indication that Petition exhausted his administrative remedies. Therefore, the Court lacks jurisdiction to review the BOP's decision to not credit his home confinement. *See DeVivo v. Mance*, No. CIV.9:08CV673DNH/RFT, 2009 WL 2882937, at *6-7 (N.D.N.Y. July 20, 2009), *report and recommendation adopted sub nom. DeVivo v U.S. Prob. Off.*, No. 9:08-CV-673, 2009 WL 2914063 (N.D.N.Y. Sept. 4, 2009) (because there was no evidence in the record that petitioner exhausted his judicial remedies, any claim that he has not received proper credit for time spent in custody must first be pursued with the BOP).

Finally, as the Government notes, "time spent in home confinement is generally not considered to be time in prison for which the defendant is afforded credit." *United States v. Masso*, 935 F.Supp.2d 739, 740 (S.D.N.Y.2013); *see also Paul v. United States*, 938 F.Supp.2d 405, 409 (E.D.N.Y.2013) ("This court rejects . . . that [the petitioner] was entitled to credit for time served while he was on pretrial release . . . . [A]ny such argument is not only without merit, but frivolous.")). Petitioner is therefore wrong on the merits, and any attempt to exhaust his available remedies would be futile.

Accordingly, the Court denies Petitioner's motion on this ground.

## II. Ineffective Assistance of Counsel

To the extent that the Court may construe Petitioner's motion as an ineffective assistance of counsel claim, that claim also fails.

An ineffective assistance of counsel claim can be raised for the first time on a Section 2255 petition, but must amount to a fundamental defect which resulted in a miscarriage of justice. *U.S. v. Johnson*, 615 F.2d 1125, 1127 (5th Cir. 1980). When evaluating counsel's performance, judicial scrutiny must be "highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). In order to reverse a conviction based on ineffective assistance of counsel, the Petitioner must make two showings:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [] strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). A defendant claiming ineffective assistance "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*.

As discussed above, Petitioner is not entitled to credit for home confinement and the Court correctly recognized that it may not credit his sentence. Therefore, Petitioner has not shown that his counsel was deficient in his failure to argue for the Court to credit the time spent in home confinement.

Moreover, Petitioner failed to satisfy his burden of showing actual prejudice. Even if his attorney had argued for the Court to credit his sentence, as discussed above, the Court has no authority to do so. Moreover, there is no indication that his counsel's failure to make said argument had any impact on Petitioner's sentence. This is particularly true given that the Court imposed the sentence before any discussions about credit for home confinement. (*See* ECF No. 248, Transcript of Proceedings, at 20:1-5, 24:4-10.)

Accordingly, the Court denies Petitioner's motion on this ground.

## CONCLUSION

For the foregoing reasons, Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate his conviction is DENIED. The Clerk of the Court is directed to terminate the motion at ECF Number 236.

The Government is directed to mail a copy of this order to *pro se* Petitioner at his address where he is currently serving his term of supervised release and to file proof of service on the docket on or before October 11, 2024.

Dated:  September 20, 2024
       White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE